## LIZZIE WATERMAN *vs.* SHEPARD AND COMPANY.

### PROVIDENCE—MARCH 31, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Negligence.   Proximate Cause.   Statutory Liability.*

The removal of a rope from the sidewalk in front of a building undergoing repairs, put up to keep people away from the work in progress, which rope, if it had been up at the time of the accident, would not have served to keep the plaintiff away from the side where the work was going on, cannot be regarded as the proximate cause of the injury.

*Quære,* whether putting a casing over iron columns of a show window is an alteration of an exterior wall within the meaning of Pub. Laws of 1878, cap. 688.

*Quære,* whether the violation of said statute gives a right of action to an injured person.

Under the provisions of said statute a fence is required only so long as there is danger from falling materials.

TRESPASS ON THE CASE for negligence.   Heard on petition of defendant for a new trial.   New trial granted and judgment entered for defendant.

(1)   PER CURIAM.   The plaintiff was injured by the negligence of a workman employed by a contractor doing work for the defendant.   The claim is that the defendant is responsible for the injury, because he ordered a rope to be taken down which the contractor had put up to keep people away from the work in progress.   The court is of opinion, however, that the interference had no connection with the injury.   The testimony shows that such an order was given, one day, to remove a rope from the sidewalk during the noon hour, when no work was going on.   This was several days before the accident, and applied to the sidewalk on the west side of the entrance to the store, while the accident occurred on the east side.   If the rope had been up at the time of the accident it would not have served to keep the plaintiff away from the other side, where the work was then going on.   The plaintiff claims that the defendant is liable because he did not build a fence where the work was done, according to Pub.

Laws of 1878, cap. 688, which requires a fence to be built when the exterior walls of a building are to be altered, and to be maintained "until all liability to accident from falling materials shall be terminated." The work done in this case was putting a casing over iron columns of the show-windows. Whether it was an alteration of an exterior wall, and whether a violation of the statute would give a right of action, we need not decide. Assuming that it was, the statute only requires a fence so long as there is danger from falling materials, and the testimony shows that on the east side of the doorway all the work had been done except some chipping at the base of one column, which was the work from which the accident occurred. This being so, no fence was required there by the law at the time of the accident. The case therefore shows no interference with the work by the defendant, and no violation of law which contributed to this accident. The verdict should have been for the defendant, and the verdict rendered is set aside.

The case will be remitted to the Common Pleas Division, with direction to enter judgment for the defendant.

*Walter H. Barney*, for plaintiff.

*Frederic Hayes*, for defendant.